FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORIE D. | No. 2:17-CV-00296-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney Lora Lee Stover represents Lorie D. (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on August 28, 2013, Tr. 145, alleging disability since September 2, 2009, Tr. 258, due to a brain tumor, injuries affecting memory, and mental stability, Tr. 292. The application was denied initially and upon reconsideration. Tr. 170-73, 177-79. Administrative Law Judge (ALJ) R.J. Payne held a hearing on February 2, 2016 and heard testimony from Plaintiff, medical expert, Lynn Jahnke, M.D., psychological expert, Nancy Winfrey, Ph.D., and vocational expert, K. Diane Kramer. Tr. 69-119. At the hearing, Plaintiff amended her onset date to August 28, 2013. Tr. 71. The ALJ issued an unfavorable decision on March 9, 2016. Tr. 22-38. The Appeals Council denied review on June 27, 2017. Tr. 1-7. The ALJ's March 9, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on August 24, 2017. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 51 years old at the alleged date of onset. Tr. 258. Her highest level of education was the eighth grade completed in 1976. Tr. 293. Her reported work history includes the jobs of cashier, customer service representative, and laborer. Tr. 293. Plaintiff reported that she stopped working on December 1, 2003 because she was let go, but that her conditions became severe enough to keep her from working as of September 2, 2009. Tr. 292.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo,

deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94

(9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On March 9, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 28, 2013, the amended date of onset. Tr. 24.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease – cervical and lumbar spine; cognitive disorder; depressive disorder; anxiety disorder; pain disorder associated with psychological factors and a general medical condition; personality disorder; and alcohol and amphetamine dependence in remission. Tr. 24.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> The claimant could lift no more than 20 pounds occasionally and lift or carry 10 pounds occasionally; would have no limitation standing walking, and sitting except she would need to change positions from sitting to standing every hour for one minute; never climb ladders, ropes, or scaffolds; should avoid concentrated exposure to heavy, industrial vibration, and temperature extremes of heat and cold; could understand, remember, and carry out simple routine work instructions; could have superficial to occasional contact with the general public; no work settings with large crowds; no independent decision-making; and no fast-paced or strict production quota type work.

Tr. 28. The ALJ identified Plaintiff's past relevant work as cashier, deli clerk, and small stock facer and concluded that Plaintiff was not able to perform this past relevant work. Tr. 36-37.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of office helper, mail clerk, photocopying machine operator, and small parts assembler. Tr. 37-38. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 28, 2013, through the date of the ALJ's decision. Tr. 38.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly address Plaintiff's symptom statements, (2) failing to make a proper residual functional capacity determination, (3) failing to present an accurate hypothetical to the vocational expert, and (4) failing to make a proper step five determination.

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were less than fully credible. ECF No. 13 at 11-13.

It is generally the province of the ALJ to make determinations regarding the credibility of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of her symptoms. Tr. 29. The ALJ reasoned that Plaintiff's statements were unreliable because her symptom reporting was contrary to the objective medical evidence and her treatments appeared to improve the severity of her symptoms. Tr. 33.

Plaintiff's challenge to the ALJ's determination consists of the assertion that "the ALJ failed to provide clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony," and an assertion that she is credible. ECF No. 13 at 11-13. Nowhere does Plaintiff specifically point to any of the ALJ's reasons and challenge them as an error of law or as not supported by substantial evidence. *Id*. Plaintiff's argument amounts to an alternate interpretation of the evidence, which is insufficient to succeed in a review by this Court. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) *(citing Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) ("the ALJ's interpretation of her testimony may not be the only reasonable one. But it is still a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it.")).

Additionally, it is not the role of this Court to "manufacture arguments for an appellant" and, therefore, the Court will not consider claims that were not actually argued in Plaintiff's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). The Ninth Circuit has explained the necessity for providing specific arguments:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the

"appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[1] Because Plaintiff failed to provide adequate briefing challenging the reasons provided by the ALJ for rejecting Plaintiff's testimony, the court declines to consider the issue further.

**2. Residual Functional Capacity**

Plaintiff argues that the ALJ "ignored the Plaintiff's limitations regarding her pain and the effects of her impairments in terms of her ability to maintain attendance and work effectively during an eight hour day." ECF No. 13 at 13-14. She further asserts that the ALJ "inappropriately considered the evidence from the Plaintiff's forty day work assessment at Goodwill Industries – especially in light of her need for a sit/stand opinion," and that the ALJ failed to consider "the objective medical evidence of her orthopedic impairments and the effects of her pain disorder which he acknowledged in Finding of Fact Number Two." *Id*. at 14.

The ALJ's residual functional capacity determination includes a sit/stand requirement: "she would need to change positions from sitting to standing every hour for one minute." Tr. 28. In making the residual functional capacity determination, the ALJ considered the report from Plaintiff's supervisor at Goodwill Industries and the observations this supervisor made concerning her ability to sit and stand throughout her shift. Tr. 32. The ALJ gave partial weight to this opinion because this supervisor observed Plaintiff during her shift. *Id*. Plaintiff makes no additional argument in her briefing as to how the ALJ inappropriately addressed this evidence. ECF No. 13 at 13-14. Considering it was

---

[1] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

addressed by the ALJ, the ALJ assigned it partial weight, and the ALJ included a sit/stand requirement in the residual functional capacity determination, this Court declines to find error in the ALJ's treatment of this evidence.

Plaintiff's challenge of the ALJ's treatment of the orthopedic impairments and the effects of her pain disorder lacks specifics. The ALJ included orthopedic impairments and pain disorder as severe impairments at step two. Tr. 24 (finding Plaintiff's degenerative disc disease – cervical and lumbar spine and pain disorder associated with psychological factors and a general medical condition as severe impairments). The ALJ then included physical limitations in the residual functional capacity determination. Tr. 28 (limiting Plaintiff to light work with a requirement to change positions from sitting to standing every hour and precluding climbing ladders, ropes, or scaffolds). Plaintiff failed to allege any additional restrictions necessary to accommodate Plaintiff's orthopedic impairments and pain disorder. ECF No. 13 at 13-14. Without a more specific argument by Plaintiff, the Court cannot consider the issue further and finds that the ALJ did not error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("We do not address this finding because [Plaintiff] failed to argue this issue with any specificity in his briefing.").

### 3. Hypothetical to Vocational Expert

Plaintiff alleges that the hypothetical question posed by the ALJ was incomplete. ECF No. 13 at 15. She states that Dr. Winfrey rated Plaintiff as having a moderate degree of limitation in terms of concentration, persistence and pace and opined that Plaintiff would need a work environment that would include simple, routine and repetitive tasks and agrees that these limitations were incorporated into the residual functional capacity determination. *Id*. However, she asserts that Dr. Winfrey also found that Plaintiff had a limited ability to learn new tasks which was not included in the hypothetical posed to the vocational expert. *Id*. She additionally asserts that Perry Grey, Psy.D., John F. Arnold, Ph.D., and the

report from the Department of Vocational Rehabilitation (DVR) included limitations in her ability to learn new tasks and it was an error for the ALJ to leave this limitation out of the hypothetical presented to the vocational expert. ECF No. 13 at 16.

At the hearing, Dr. Winfrey provided testimony regarding Plaintiff's residual functional capacity and opined that Plaintiff could understand, remember and carry out simple routine work instructions, Tr. 83, was limited to superficial to occasional contact with the public with a preclusion from crowds, Tr. 84, was precluded from independent decision making, Tr. 85, and was precluded from fast pace or strict production-type work, Tr. 87. Dr. Winfrey did not testify that Plaintiff had a limitation in her ability to learn new tasks. Tr. 78-89. The ALJ gave Dr. Winfrey's opinion great weight. Tr. 36. Plaintiff did not challenge the weight the ALJ provided to Dr. Winfrey's opinion. ECF No. 13 at 15. Seeing as Plaintiff's argument is not supported by the record and she failed to challenge the weight assigned to the opinion, this Court cannot disturb the ALJ's treatment of the opinion.

Dr. Grey examined and tested Plaintiff in August of 2014 and provided an opinion regarding her functioning on September 19, 2014. Tr. 500-11. In his opinion, he included the following statement: "Firstly, she would require frequent repetition of material, written cues, and supervised practice and application of learned concepts. Ms. Delafield will struggle with learning new concepts, therefore these learning supports are recommended." Tr. 511. The ALJ gave Dr. Grey's opinion less weight because "he did not offer an opinion on how the claimant's symptoms would interfere with her ability to work," and because "his opinion on the severity of the claimant's symptoms is considerably more drastic than the majority of the acceptable and non-acceptable medical source opinions in the record." Tr. 34. Plaintiff did not challenge the weight the ALJ assigned to Dr. Grey's opinion. ECF No. 13. Therefore, the Court will not consider the issue

further.  *See Carmickle*, 533 F.3d at 1161 n.2.

On January 28, 2016, Dr. Arnold completed an evaluation for the Washington Department of Social and Health Services.  Tr. 625-28.  He diagnosed Plaintiff with a rule out neurocognitive disorder, a persistent depressive disorder with late onset, generalized anxiety disorder, and unspecified personality disorder.  Tr. 626.  He rated Plaintiff's limitation in thirteen basic work activities which included a marked limitation in three basic work activities, including in the ability to learn new tasks, and a severe limitation in two additional basic work activities.  Tr. 627.  The ALJ gave no weight to Dr. Arnold's opined severe limitations and stated that "[t]he claimant did not report any of her recent activities to Dr. Arnold, and her misinformation regarding her sobriety suggests that his conclusions are based at least in part on faulty information."  Tr. 36.  The ALJ did not specifically address the weight he assigned to the marked limitations opined by Dr. Arnold.  *Id*.  Plaintiff argues that the marked limitation in the ability to learn new tasks was supported by substantial evidence and should have been included in the hypothetical presented to the vocational expert.  While the ALJ did not specifically reject the limitation in the ability to learn new tasks, the Ninth Circuit has recognized that the ALJ is not required to use "magic words" to achieve his analysis, as long as the Court can draw specific and legitimate inferences from his findings.  *Magallanes*, 881 F.2d at 755.  Here, Plaintiff failed to assert any challenge to the weight the ALJ impliedly or expressly gave to Dr. Arnold's opinion or any reason the ALJ provided for such weight.  ECF No. 13.  Again, this Court will not manufacture arguments for Plaintiff.  *See Greenwood*, 28 F.3d at 977.

Plaintiff also asserts that the limitation in learning new tasks was addressed by the DVR report dated June 9, 2015.  ECF No. 13 at 16.  However, the supports and accommodations recommended in the report did not specifically address the ability to learn new tasks.  Tr. 364-65.  Instead, it addressed the need for extra

breaks, a quiet place to calm herself, encouragement/positive feedback, extra supervision, assistance with decision making/problem solving, assistance with anxiety and stress, assistance with instructions and complex processes, assistance with repetitive skills and work assignments, assistance with work tolerance and adjusting to work environment, assistance with focus concerns and repetitive instructions, assistance with social cues/personal boundaries, and the need for protective equipment. *Id.* The ALJ assigned partial weight to these recommendations, Tr. 32, and Plaintiff did not challenge the assigned weight, ECF No. 13. While a reasonable interpretation of these recommendations could include a limitation in the ability to perform new tasks, this is simply an interpretation. It is the ALJ's role to resolve any ambiguities, *Andrews*, 53 F.3d at 1039, and it is not the Court's role to second guess a reasonable interpretation of the evidence. *Rollins*, 261 F.3d at 857. The Court finds that the ALJ's residual functional capacity determination is also a reasonable interpretation of the recommendations, and since Plaintiff failed to challenge the weight assigned to the recommendations, this Court will not disturb the residual functional determination. Therefore, the Court declines to find error in the hypothetical given to the vocational expert that matched the ALJ's residual functional capacity determination. Tr. 115-16.

**4.   Step Five**

Plaintiff's step five argument is premised on the Court finding the ALJ erred in the residual functional capacity determination and in the hypothetical provided to the vocational expert. ECF No. 13 at 14-16. Because the Court did not find the ALJ erred in relation to either of these arguments, the step five determination is also without error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 27, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE